**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SAMUEL H. MWABIRA-SIMERA and JOHN E. SIMERA-NANDALA,**<br><br>      **Plaintiffs,**<br><br>            **v.**<br><br>**SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,**<br><br>      **Defendants.** | **Civil Action No.  04-0538 (JDB)** |
| **SAMUEL H. MWABIRA-SIMERA,**<br><br>      **Plaintiff,**<br><br>            **v.**<br><br>**SODEXHO MARRIOT MANAGEMENT SERVICES, et al.,**<br><br>      **Defendants.** | **Civil Action No.  04-1240 (JDB)** |

**MEMORANDUM OPINION**

On September 2, 2004, the Court consolidated the above-captioned cases -- upon motion

of the common defendants and with the consent of all other parties -- in order to resolve jointly

the interrelated (and, to a large extent, duplicative) claims and defenses presented by the two

cases.[1]  The complaints accuse Howard University ("Howard") and its food-services vendor,

---

[1] On April 1, 2004, plaintiffs filed the lawsuit that became Civil Action No. 04-538.  One of the plaintiffs filed the second lawsuit -- which made many of the same allegations against some of the same defendants and also added a new defendant -- on July 26, 2004.  It was docketed as Civil Action No. 04-1240.

Sodexho Marriott Management Services ("Sodexho"),[2] of committing numerous common-law

torts (invasion of privacy, defamation, false imprisonment, negligent hiring/retention/supervision

of employees, intentional infliction of emotional distress, misrepresentation, and abuse of process)

and accuse Sodexho of engaging in employment discrimination on the basis of national origin and

disability, conspiring to violate civil rights, and committing unlawful retaliation.  The plaintiffs

are Samuel H. Mwabira-Simera ("Mwabira"), a Sodexho employee who worked in a cafeteria at

Howard, and Mwabira's son, John E. Simera-Nandala ("Nandala").  They contend that Mwabira

was subjected to a series of discriminatory and harassing acts in the course of his employment

with Sodexho, culminating in his termination following an incident in which he was accused of

passing cafeteria food to Nandala.  That incident, which occurred on September 19, 2003, gave

rise to most of the tort claims by Mwabira and all of the tort claims by Nandala.

On June 30, 2005, the Court issued an order ("the June 30 order") granting the Sodexho

defendants' motion to dismiss all of Mwabira's claims against them on the grounds that the claims

were precluded by the terms of a settlement agreement under which Mwabira was reinstated.

Because the settlement involved only Mwabira and his employer and did not purport to release

other parties, the June 30 order did not affect any of the claims against the Howard defendants or

Nandala's claims against the Sodexho defendants.  The order did, however, terminate all of the

claims in the case that were based on federal law, because those claims involved only Mwabira's

allegations against the Sodexho defendants.  On July 28, Mwabira filed a notice of appeal,

---

[2] Also named as defendants are an employee of Howard and two employees of Sodexho. In the interest of simplicity and clarity, the Court will refer collectively to Howard and its employee as the "Howard defendants" and to Sodexho and its employees as the "Sodexho defendants."

challenging the Court's dismissal of his claims against the Sodexho defendants.  Since that time,

the discovery period for the remaining claims has concluded, and all defendants now have moved

to dismiss Nandala's claims based on his repeated failure to appear for scheduled depositions.  The

Sodexho defendants filed a motion to dismiss Nandala's claims on September 2, and the Howard

defendants filed a similar motion on September 19.  Nandala has not responded to either motion.

I.      **Motions to Dismiss Nandala's Claims**

A.      **Jurisdiction Following Notice of Appeal**

Before turning to the substance of the pending motions, the Court must clarify its

jurisdiction to rule on them.  It is well-established that "the filing of a notice of appeal is an event

of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the

district court of its control of those aspects of the case involved in the appeal."  See Griggs v.

Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  Federal courts have concluded,

however, that a district court need not cede jurisdiction over a case if the appeal is taken from a

non-appealable order.  See United States v. Defries, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997)

(acknowledging that appeals from non-appealable orders create an exception to the general rule

that notice of appeal strips the district court of jurisdiction) (citing United States v. Green, 882

F.2d 999, 1001 (5th Cir. 1989)); Ruby v. Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966)

("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals,

or reference to a non-appealable order, is clear to the district court, it may disregard the purported

notice of appeal and proceed with the case, knowing that it has not been deprived of

jurisdiction.").  For present purposes, then, the question of this Court's continued jurisdiction turns

on whether the June 30 order dismissing Mwabira's claims against the Sodexho defendants

constitutes an appealable order.

Rule 54 of the Federal Rules of Civil Procedure provides the standard for determining when a district court's order constitutes a "judgment ... from which an appeal lies." See Fed. R. Civ. P. 54(a). "When more than one claim for relief is presented in an action ... any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties," and thus will not be appealable unless the district court makes an "express determination that there is no just reason for delay" and gives an "express direction for the entry of judgment." Fed. R. Civ. P. 54(b). But where, as here, multiple cases are consolidated, ambiguity can arise about whether an order adjudicates all or "fewer than all" of the claims presented. The Court, therefore, must determine what constitutes the relevant "action," within the meaning of Rule 54(b). If "action" refers to any one of the original cases, and the order disposes of all of the claims in that case (even while leaving unresolved some claims in the consolidated case), then Rule 54 would present no obstacle to an appeal of that order; but if "action" refers to the consolidated case, with all its claims and parties, then the party aggrieved by the order cannot appeal until the district court resolves all the consolidated claims or grants certification for appeal under Rule 54(b). In the D.C. Circuit, "[w]hether consolidated cases retain their separate identit[ies] or become one case for purposes of appellate jurisdiction" is determined generally by reference to the reasons for consolidation and the manner in which the district court treats the combined cases. United States v. Columbia/HCA Healthcare Corp., 318 F.3d 214, 216 (D.C. Cir. 2003). More specifically, the court of appeals has said that, so long as the district court treats cases as consolidated "for all purposes," the cases will be deemed to be one action for jurisdictional determinations. Id. (citing

Phillips v. Heine, 984 F.2d 489, 490 (D.C. Cir. 1993)).  That means that any order "deciding fewer

than all the claims of all the parties" in a consolidated action that has been treated as one case for

all purposes cannot be appealed without a Rule 54(b) certification.  See id.

Although the June 30 order disposed of all the claims raised in Civil Action No. 04-1240

(and several of the claims raised in Civil Action No. 04-538), it did not resolve "all of the claims

of all the parties" in the consolidated action, which also includes claims by Mwabira against the

Howard defendants and claims by Nandala against the Howard defendants and the Sodexho

defendants.  Since issuing the September 2, 2004, consolidation order, the Court has treated the

claims raised in the two original cases as combined for all purposes and, therefore, the June 30

order dismissing Mwabira's claims against the Sodexho defendants was not appealable within the

meaning of Rule 54.  And, because Mwabira did not request -- and, thus, did not receive -- a Rule

54(b) certification from this Court permitting appeal of an otherwise non-appealable order, the

Court retains jurisdiction over the consolidated claims, notwithstanding the notice of appeal.

**B.      Dismissal Pursuant to Rule 37**

The pending motions by defendants to dismiss plaintiff Nandala's claims are based on

Rule 37(d) of the Federal Rules of Civil Procedure, which states, in relevant part: "If a party ...

fails ... to appear before the officer who is to take [the party's] deposition, after being served with

proper notice, ... the court in which the action is pending on motion may make such orders in

regard to the failure as are just, and among others it may take any action authorized by [Rule

37(b)(2)(C)]."  That subparagraph of Rule 37, in turn, provides that the Court may "dismiss[] the

action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C); see also Bonds v. District

of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996) ("Under Rule 37, the district court has broad

discretion to impose sanctions for discovery violations.").

In their motions to dismiss, defendants detail the extensive efforts they undertook to depose Nandala over the past year, including making several last-minute accommodations for Nandala and his counsel. See Sodexho Defs.' Mot. to Dismiss at 2-6; Howard Defs.' Mot. to Dismiss at 2-4. One or both groups of defendants scheduled depositions of Nandala on five separate occasions: September 23, 2004; November 17, 2004; August 4, 2005; September 1, 2005; and September 12, 2005. Id. The parties rescheduled the first deposition by mutual agreement, but Nandala unilaterally cancelled each of the others with little or no notice. On or shortly before each date, Nandala's counsel informed defendants that Nandala could not or would not attend. For the two most recent scheduled depositions, defense counsel report that they received word that Nandala would not attend on the morning of the deposition -- and, in one case, only because counsel for the Sodexho defendants telephoned Nandala's lawyer. See Sodexho Defs.' Mot. to Dismiss at 5-6; Howard Defs.' Mot. to Dismiss at 3-4. Between the second and third noticed depositions of Nandala, on February 2, 2005, plaintiffs filed a motion for a protective order, asking the Court to, among other things, preclude defendants from deposing Nandala because he suffered from depression. See Pls.' Mot. for Protect. Order at 1 (Docket No. 20). At a status conference the next day, the Court reminded plaintiffs' counsel that the Federal Rules of Civil Procedure do not permit a party to maintain a lawsuit while refusing to be deposed. Counsel responded that he would make arrangements for a deposition of Nandala, thereby indicating that he was withdrawing that aspect of the motion for a protective order. On July 15, 2005, when the parties returned for another status conference, the Court reiterated that Nandala

must submit to a deposition by the defendants and set a sixty-day time frame for that to occur.[3]  At

that time, Nandala's counsel said plaintiffs did not object to the defendants deposing Nandala.

Nevertheless, Nandala failed to show up for three subsequent depositions scheduled during that

sixty-day period.  Furthermore, in the two months since defendants filed their motions to dismiss

pursuant to Rule 37, Nandala has not come forward with any explanation for his failure to appear.

The Court does not lightly grant motions to dismiss under Rule 37.  The D.C. Circuit has

said that dismissals under Rule 37 must be "based on 'willfulness, bad faith, or ... fault' on the part

of the plaintiff, see Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802

F.2d 1448, 1458 (D.C. Cir. 1986) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212

(1958)), and that the district court should first "consider whether lesser sanctions would be more

appropriate for the particular violation," Bonds, 93 F.3d at 808.  Under the exceptional

circumstances presented in this case, the Court believes that dismissal without prejudice is the

most appropriate sanction.  Indeed, "[t]here is no credible basis for the Court to conclude that

[plaintiff's] failures were other than willful," see United States v. BCCI Holdings, 169 F.R.D. 220,

223 (D.D.C. 1996), and the Court has no reason to think that giving plaintiff Nandala yet another

chance to fulfill his obligation will result in a different outcome.  Nandala received ample warning

that the Court would not tolerate continued non-compliance with discovery requirements.  See

Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) ("Oral proceedings

compelling discovery that 'unequivocally give a litigant notice' of the discovery required are a

---

[3] To emphasize the seriousness with which the Court views a party's repeated failure to comply in good faith with discovery requests, the Court issued an order three days later in which it stated that it would "impose costs on the losing party" to any future motion to compel discovery. See Sched. Order of July 18, 2005 (Docket No. 33).

sufficient basis for Rule 37(b)(2) sanctions.").  Nonetheless, he has repeatedly failed to fulfill his

discovery obligations or offer any explanation for his actions.  Moreover, the Court, in weighing a

Rule 37 motion to dismiss, is permitted to consider "prejudice to the judicial system, and the need

to deter similar misconduct in the future."  See Bonds, 93 F.3d at 808.  In this case, plaintiff

Nandala's obstructive conduct has needlessly consumed the resources of defendants and the Court,

and such prejudice to the judicial system warrants a substantial penalty.

The decision to dismiss Nandala's claims against the Howard defendants and the Sodexho

defendants is supported by the fact that the Court's continued jurisdiction over these state-law

claims is purely discretionary.  Federal courts have jurisdiction over state-law claims only when

the claims either satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332 (which

no party suggests are met here), or (2) are closely "related" to federal-question claims, within the

meaning of the supplemental jurisdiction statute, 28 U.S.C. § 1367.  The Court, however, may

decline to exercise supplemental jurisdiction if all federal-question claims have been dismissed or

otherwise resolved.  See 28 U.S.C. § 1367(c).  The only claims in this case that were founded on

federal law were Mwabira's claims against Sodexho, and all of those claims were dismissed by the

Court's June 30 order.  Whatever considerations may have counseled in favor of this Court

retaining jurisdiction over Nandala's state-law claims are overcome by considerations of Nandala's

uncooperative behavior in litigating the dispute.

Accordingly, the Court will dismiss Nandala's claims against all defendants, without

prejudice.

## II.    Mwabira's Remaining Claims

Having already dismissed Mwabira's claims against the Sodexho defendants in the June 30

order, and now having dismissed Nandala's claims against all defendants, the Court is left with

only one set of claims to address -- Mwabira's tort claims against the Howard defendants.  As with

Nandala's tort claims, these claims are based entirely on state law (specifically, the law of the

District of Columbia).  Because there is no diversity of citizenship between Mwabira and the

Howard defendants, this Court's jurisdiction over Mwabira's tort claims can be based only on the

discretionary supplemental jurisdiction of 28 U.S.C. § 1367.  Given that the Court has dismissed

Nandala's claims under Rule 37, that Mwabira's tort claims are closely entwined with those of his

son (such that they ought to be resolved together), that there are no longer any related federal

claims, and that the Howard defendants' relationship to the original federal-question claims was

remote, prudence dictates that this Court decline to exercise supplemental jurisdiction over

Mwabira's remaining claims at this time.  See 28 U.S.C. § 1367(c)(3); see also Louisville &

Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908) (court may dismiss case on its own motion

where subject-matter jurisdiction is lacking).

       Accordingly, Mwabira's remaining state-law claims will be dismissed, without prejudice,

as no longer pendent to any continuing federal claim.  A separate order has been issued on this

date.

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                  United States District Judge


       Dated:    November 2, 2005

Copies to:

Charles Owusu Kwarteng
LAW OFFICE OF CHARLES O. KWARTENG & ASSOCIATES
6215 Harford Road
P.O. Box 24568
Baltimore, MD  21214
Email: charleskwarteng@cs.com

*Counsel for plaintiffs*


Angela Ranel Williams
HOWARD UNIVERSITY
2400 Sixth Street, NW, Suite 321
Washington, DC  20059
Email: a_r_williams@howard.edu

*Counsel for Howard defendants*


David R. Warner
Todd J. Horn
VENABLE LLP
575 7th Street, NW
Washington, DC  20004
Email: drwarner@venable.com

*Counsel for Sodexho defendants*